(117 So. 486)

## GAINES v. STATE.   (7 Div. 409.)

Court of Appeals of Alabama.   June 19, 1928.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J.   Appellant was convicted, generally, upon a trial under an indictment in two counts, one charging him with unlawfully distilling prohibited liquors, the other charging him with unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors. The testimony on the part of the state consisted of that of two officers and one Daugherty, who states that he was working at the still which was admittedly found, and which was at the time in operation making whisky. The two officers each testify to seeing appellant about 30 yards from the still, walking toward it with an armful of wood (the still being a "wood burner"), and that he threw down his wood and ran. Daugherty testified that appellant and he were each working at the still making whisky.

No questions are presented for our consideration other than the propriety vel non of the trial court's action in refusing to give at appellant's request certain written charges. His attorneys have simplified our labors by filing an excellent brief on this appeal, and we will proceed to briefly mention the charges referred to, in the order in which they are discussed by the able counsel:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient." Code 1923, § 5635.

In this case, an analysis of the testimony demonstrates that, other than the fact of the commission of the offense, which is expressly declared to be insufficient, the only testimony tending in any way to corroborate that of Daugherty, the confessed accomplice, to the effect that appellant was guilty, was that of the two officers, Jackson and Lynch, that they saw appellant 30 yards from the still, going toward it with a load of wood, etc.

In line with the excellent reasoning in the opinion in the case of Malachi v. State, 89 Ala. 134, 8 So. 104, it would appear that in this case, unless the jury believed beyond a reasonable doubt the testimony of either Jackson or Lynch that appellant was seen near the still in question, etc., there would be no corroboration of the accomplice Daugherty, and the appellant should be acquitted. Hence it was prejudicial error to refuse appellant's written requested charges Nos. 3 and 8. It was unnecessary to a conviction that the testimony of both Lynch and Jackson be believed. Charges 1, 2, 6, and 7 were therefore refused without error.

It was proper to refuse written requested charges 4 and 5. The evidence made a case for the jury.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.